UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CIVIL ACTION NO. 07-60-WOB

RICKEY LEAP                                                                                          PLAINTIFF

v.

GARY BECKSTROM                                                                                    DEFENDANT

MEMORANDUM ORDER

Originally filed in the Western District of Kentucky by the Plaintiff, this case was transferred to the Eastern District of Kentucky on March 16, 2007, pursuant to 28 U.S.C. § 1404(a) by order of Western District Chief Judge John G. Heyburn, II. Although Rickey Leap's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 has been filed, Plaintiff's motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and motion for the appointment of counsel have not been ruled on, and it appears that no copy of said petition has been served upon the defendant.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, cert. denied, 479 U.S. 867 (9th Cir. 1986). Any appointment of counsel for indigents in habeas corpus proceedings therefore rests in the discretion of the District Court "unless denial would result in fundamental unfairness impinging on due process rights." LaClair v. United States, 374 F.2d 486, 489 (7th Cir. 1967). Factors to be considered by the court in ruling on a request to appoint counsel pursuant to 18 U.S.C. § 3006A are identical to those factors considered in a request for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983). Those factors are:

(1)   whether the merits of the claim are colorable;

Dockets.Justia.com

(2)  the ability of the indigent to investigate crucial facts;

(3)  Whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel;

(4)  capability of the indigent to present the case; and

(5)  complexity of the legal issues raised by the complaint.

Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983).

While the defendant's claim is a serious one which requires a response from the Government, at this preliminary stage of the proceedings the defendant's claim does not appear to be so unique or complex as to require the appointment of counsel. Despite the defendant's *pro se* status, he has adequately articulated his straightforward claim at this point. The interests of justice do not require the appointment of counsel where a petitioner has clearly "elucidated his legal arguments." Strickland v. Marshall, 632 F. Supp. 590, 597, appeal dismissed 803 F.2d 721 (S.D. Ohio 1986). On the other hand, the court reserves the right to revisit the issue of the appointment of counsel should an evidentiary hearing prove necessary.

Accordingly, **IT IS ORDERED:**

1. Petitioner's motion to proceed in forma pauperis [D.E. #3] is **GRANTED;**

2. Petitioner's motion for the appointment of counsel is **DENIED**;

2. That a copy of said petition be served by certified mail upon the defendant and the Attorney General for the Commonwealth of Kentucky;

3. That the defendant, by counsel, answer or otherwise defend, by no later than **APRIL 26, 2007;**

4. That upon the filing of defendant's answer or other responsive pleading to the complaint, the Clerk of the Court shall forward the record in this matter to the undersigned for further review;

5. That plaintiff shall promptly notify the Clerk of the Court of any change in his address. Plaintiff's failure to keep the Clerk apprised of his current address may result in dismissal of this action;

6. That for any future pleadings submitted to the Clerk of the Court in this case, each party shall be required to include thereupon the required certificate of service, indicating that a copy of any such documents has been served upon the opposing party or its counsel, if represented by counsel. Any document received by the Clerk of Court which fails to include the required certificate of service or a copy thereof shall not be filed of record herein and shall be returned to the party or its counsel submitting such document.

This 26th day of March, 2007.

Signed By:
**J. Gregory Wehrman**
United States Magistrate Judge