UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON
CIVIL ACTION NO.: 07-60-WOB

**RICKEY LEAP,**                                                                                          **PETITIONER**

**V.**

**GARY BECKSTROM, Warden,**                                                            **RESPONDENT**

**MEMORANDUM ORDER**

A petition for writ of habeas corpus was filed by Petitioner Leap and transferred to this district on March 16, 2007. This court initially denied petitioner's motion for the appointment of counsel. The undersigned thereafter filed a Report and Recommendation which recommended that the respondent's motion to dismiss be granted, and that the petition for writ of habeas corpus be denied. Petitioner filed specific objections to that Report & Recommendation; however, they were overruled by the presiding district judge, who adopted the R&R and denied the petition on October 31, 2007. On November 9, 2007, petitioner filed a "motion to amend" his petition, a motion for extension of time, and a second motion to appoint counsel. The "motion to amend" largely consists of additional claims to bolster petitioner's argument that he is actually innocent of the charges of which he was convicted.

Petitioner previously was provided adequate time to file objections to the recommendation that his petition be denied, and indeed he filed specific objections. Petitioner cannot reconstitute a "new and improved" petition merely because his objections were overruled by the district judge. Pursuant to 28 U.S.C. §2244(b)(3) as well as Rule 9 of the *Rules Governing Habeas Corpus Cases Under Section 2254*, a petitioner may file only one petition seeking a writ of habeas corpus. Petitioner Leap has filed his one petition, and that petition has

been ruled on.  If a petitioner seeks to file a second petition, he must first seek an order granting him permission to do so from the appropriate court of appeals - in this case, the Sixth Circuit - prior to filing his second or successive petition.  Here, petitioner Leap has not complied with the statutory requirements for filing a second petition for writ of habeas corpus in this court.

This court could construe the pending motion seeking amendment as a petition for certification of authority to file a second or successive petition, and thereafter transfer that construed petition to the Sixth Circuit Court of Appeals for review, *see In re Sims*, 111 F.3d 45, 47 (6th Cir. Cir. 1997); *In re Hanserd*, 123 F.3d 922 (6th Cir. 1997).  However, I conclude that the more appropriate action is to deny the pending motions without prejudice to re-file a second petition should the appellate court enter an order granting petitioner certification to do so.  Denying the pending motions will provide petitioner the opportunity to place his argument before the Sixth Circuit Court of Appeals in the proper statutory context rather than this court construing petitioner's motion as something it was not intended to be.

Accordingly, **IT IS ORDERED HEREIN:**

1. Petitioner's motion to amend his habeas corpus petition and motion for extension of time [DE #21] are **denied as moot** in light of the district court's prior adoption of the R&R dismissing the petition for writ of habeas corpus;

2. Petitioner's motion seeking the appointment of counsel [DE #21] is **denied** for reasons previously stated in the court's order of March 26, 2007;

3.  If petitioner desires to file a second or successive petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, he shall file a motion in the United States Court of Appeals for the Sixth Circuit seeking an order authorizing this court to consider his second or successive petition.  *See* 28 U.S.C. § 2244(b)(3); Rule 9 of the *Rules Governing Habeas Corpus Cases Under Section*

*2254.*

      This the 15th day of November 2007.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge