**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**
**CIVIL ACTION NO.: 07-60-WOB**

RICKEY LEAP,                                                                                      PETITIONER

V.

GARY BECKSTROM, Warden,                                                              RESPONDENT

**MEMORANDUM ORDER**

The petitioner in this case has filed several new motions, notwithstanding the dismissal

on October 31, 2007 of his underlying petition for writ of habeas corpus.[1]  Although two of the

pending motions will be denied, one must be transferred to the United States Court of Appeals

for further review.

The court previously explained the procedural history of this case on November 15,

2007.  That discussion is repeated herein for the convenience of this court:

> A petition for writ of habeas corpus was filed by Petitioner Leap and transferred
> to this district on March 16, 2007.  This court initially denied petitioner's motion
> for the appointment of counsel.  The undersigned thereafter filed a Report and
> Recommendation which recommended that the respondent's motion to dismiss be
> granted, and that the petition for writ of habeas corpus be denied.  Petitioner filed
> specific objections to that Report & Recommendation; however, they were
> overruled by the presiding district judge, who adopted the R&R and denied the
> petition on October 31, 2007.  On November 9, 2007, petitioner filed a "motion to
> amend" his petition, a motion for extension of time, and a second motion to
> appoint counsel.  The "motion to amend" largely consists of additional claims to
> bolster petitioner's argument that he is actually innocent of the charges of which
> he was convicted.
>
> Petitioner previously was provided adequate time to file objections to the

_____

[1] The respondent has filed no response to any of the pleadings filed by petitioner, perhaps
overwhelmed by the "98 copies" of the motions allegedly served on the Office of the Attorney
General.  *See* DE ##24/25, unnumbered certificate of service following p. BB of BB.

recommendation that his petition be denied, and indeed he filed specific objections. Petitioner cannot reconstitute a "new and improved" petition merely because his objections were overruled by the district judge. Pursuant to 28 U.S.C. §2244(b)(3) as well as Rule 9 of the *Rules Governing Habeas Corpus Cases Under Section 2254*, a petitioner may file only one petition seeking a writ of habeas corpus. Petitioner Leap has filed his one petition, and that petition has been ruled on. If a petitioner seeks to file a second petition, he must first seek an order granting him permission to do so from the appropriate court of appeals - in this case, the Sixth Circuit - prior to filing his second or successive petition. Here, petitioner Leap has not complied with the statutory requirements for filing a second petition for writ of habeas corpus in this court.

This court could construe the pending motion seeking amendment as a petition for certification of authority to file a second or successive petition, and thereafter transfer that construed petition to the Sixth Circuit Court of Appeals for review, *see In re Sims*, 111 F.3d 45, 47 (6th Cir. Cir. 1997); *In re Hanserd*, 123 F.3d 922 (6th Cir. 1997). However, I conclude that the more appropriate action is to deny the pending motions without prejudice to re-file a second petition should the appellate court enter an order granting petitioner certification to do so. Denying the pending motions will provide petitioner the opportunity to place his argument before the Sixth Circuit Court of Appeals in the proper statutory context rather than this court construing petitioner's motion as something it was not intended to be.

In accordance with this analysis, the November 15 order denied petitioner's motion to amend his habeas corpus petition as moot, denied petitioner's motion seeking the appointment of counsel, and explained to petitioner that if he sought to file a second or successive petition pursuant to 28 U.S.C. §2254, he must first "file a motion in the United States Court of Appeals for the Sixth Circuit seeking an order authorizing this court to consider his second or successive petition. *See* 28 U.S.C. § 2244(b)(3); Rule 9 of the *Rules Governing Habeas Corpus Cases Under Section 2254.*"

It is apparent from petitioner's recent filings that he did not fully comprehend the November 15, 2007 order. On November 21, 2007, petitioner filed multiple pleadings in the record of this court, many of which are rambling and unclear. Uncertain of how best to docket the disparate and ambiguous pleadings, the docketing clerk sought the advice of the undersigned prior to docketing the documents as follows: 1) a motion for an order under Rule 60 [DE #23]; 2) a

motion for leave to appeal in forma pauperis and/or notice of appeal [DE ##24-25]; and 3) a motion for an order authorizing a successive appeal [DE #26].

Upon closer review of the scanned documents, the undersigned finds no document which can be properly characterized as a motion for leave to appeal in forma pauperis. The documents associated with the Notice of Appeal all appear related to petitioner's attempted appeal of the judgment of this court, but simply do not include a request to file the appeal without payment of fees. Because no petition for leave to appeal in forma pauperis has actually been filed, the pleading previously docketed as such will be denied.

To the extent that the same document has been docketed as a "notice of appeal," that docketing reflects a fair construction of petitioner's pleading as an appeal of the October 10, 2007 R&R of the undersigned to the Sixth Circuit Court of Appeals. The October 10, 2007 R&R was adopted by the district court on October 31, 2007; therefore, the court assumes that petitioner's Notice also seeks to appeal the district court's October 31, 2007 judgment.

Presumably related to petitioner's attempt to appeal the judgment of this court is his motion for an order authorizing a successive petition. As discussed in the November 15, 2007 Memorandum Order of this court, petitioner must seek this relief in the United States Court of Appeals for the Sixth Circuit and not in this court. Because petitioner has filed his pleading in the wrong court, transfer to the Sixth Circuit Court of Appeals is appropriate. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. Cir. 1997); *In re Hanserd*, 123 F.3d 922 (6th Cir. 1997).

Finally, petitioner's Rule 60 motion will be denied because to permit review of the motion would be inconsistent with §2244(b) in this instance. The claims presented clearly seek relief from the state court judgment and attack the prior decision of this court on the merits. Therefore, Rule 60 relief is unavailable. *See Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641 (2005); *in re*

3

*Nailor*, 487 F.3d 1018.

Accordingly, **IT IS ORDERED:**

1.  Petitioner's motion for an order under Rule 60 [DE #23]  is **denied** because petitioner's attempted use of Rule 60 is inconsistent with 28 U.S.C. §2244(b);

2.  Petitioner's motion for leave to appeal in forma pauperis [as docketed DE #24] is **denied** because no pleading has been filed which could be properly construed as such a motion on the record presented;

3.  Petitioner's motion for an order authorizing the district court to consider a successive petition [DE #26] and petitioner's Notice of Appeal [DE #25] are hereby **transferred**, together with the entire record of this case, to the United States Court of Appeals for the Sixth Circuit for further review and consideration.  *See* 28 U.S.C. §1631; 28 U.S.C. §2244(b).


This the 11th day of December 2007.


Signed By:

*J. Gregory Wehrman*

United States Magistrate Judge