UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO.: 07-60-WOB

RICKEY LEAP,                                                                           PETITIONER

VS.                    **MEMORANDUM OPINION AND ORDER**

GARY BECKSTROM, Warden,                                                   RESPONDENT

### I. Background

On May 7, 2008, the Sixth Circuit Court of Appeals dismissed the petitioner's attempt to appeal from a Report and Recommendation ("R&R") filed by the magistrate judge, and remanded to this court for further proceedings. The R&R from which the petitioner attempted to appeal denied petitioner's underlying petition for habeas corpus, and recommended dismissal of that proceeding. On October 31, 2007, I overruled objections to the R&R and filed a document captioned as a "Judgment" dismissing the petition.

The Sixth Circuit remanded for several reasons, the primary one being the fact that it was procedurally improper for petitioner to appeal to the Sixth Circuit from a magistrate judge's R&R. However, the appellate court noted additional procedural errors by this court.

First, the appellate court held that the document filed of record on October 31, 2007 technically failed to conform to the "separate judgment" requirement of Fed. R. Civ. P 58(a), because it was not set forth on a document separate from my order dismissing the underlying petition. Together with this Memorandum Order, therefore, I have filed a separate Rule 58(a) Final Judgment in conformity with my previous October 31, 2007 decision. Lest there be any doubt, I reincorporate herein my prior decision overruling petitioner's objections to R&R of

October 10, 2007.

In addition to the procedural issue concerning the Rule 58(a) entry of Judgment, the Sixth Circuit disagreed with the magistrate judge's disposition of post-judgment motions, holding that the magistrate judge was without authority to rule on such motions. I have now reviewed all of the post-judgment motions *de novo* in light of the vacatur of the magistrate judge's prior rulings on those motions.

## II. Analysis of Pending Post-Judgment Motions

In addition to filing objections to the R&R that were overruled on October 31, 2007, petitioner filed the following motions: 1) motion to amend habeas corpus, motion to extend time, and motion to appoint counsel; 2) motion for relief from judgment order pursuant to Rule 60, 3) construed motion for leave to appeal *in forma pauperis*; 4) motion for order for successive appeal; and 5) motion for extension of time to fulfill the court notice dates 12/13/07. All of petitioner's post-judgment motions will now be denied.

The motion to amend, motion to extend time, and motion to appoint counsel was filed as a single pleading on November 9, 2007 *after* this court overruled petitioner's objections to the pending R&R and dismissed the underlying petition. Petitioner's motions are moot in light of this court's October 31, 2007 decision.

In general, an inmate seeking to overturn his state court conviction may file only one federal petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, within a one-year limitations period running from the date the state conviction became final. In this case, petitioner did so. When those claims did not succeed before the magistrate judge, petitioner was provided a specified period of time to file objections to that R&R and again, complied with the

appropriate procedure. However, once his objections were overruled and his underlying petition dismissed, petitioner forged on with the instant motion to amend, presenting a "new and improved" version of the same claims to this court.

The statutory scheme of 28 U.S.C. § 2244 is not designed for such a procedure. Petitioners cannot continually revise or "improve" their habeas claims in an attempt to find a claim that will find purchase after an initial petition has been dismissed. If petitioner wants to file new claims in the form of a second petition for writ of habeas corpus, he remains free to file a motion for leave to file a successive petition in the Sixth Circuit Court of Appeals.[1] In the alternative, the motion to amend will be denied because the supplemented claims contained within it do not require alteration of this court's original analysis. Most of the motion to amend is directed toward "amending" or improving petitioner's relatively vague claim of actual innocence. The motion presents absolutely no new evidence. As the October 10, 2007 R&R makes clear:

> [Petitioner] points to no new evidence, so he is not trying to use the "actual innocence" gateway to federal review of the evidence...rather, he is more likely trying to claim that the evidence was insufficient to support his conviction, *see Jackson v. Virginia*, 443 U.S. 407 (1979). That claim has not been made in either state appellate court and is clearly unexhausted. However, it is also clearly without merit. The standard established in *Jackson* for granting a writ of habeas corpus on the basis of insufficiency of the evidence is that "no rational trier of fact could have found proof of guilty beyond a reasonable doubt." *Id.* at 324. The record reveals that Petitioner Leap was identified by the victim by name and by his physical description, which apparently included tattoos. He was seen on surveillance tape leaving a bar with the victim and identified by other persons

---

[1] In fact, petitioner previously filed what was construed to be a motion for leave to file a second or successive habeas petition. However, because this court had not yet filed a Rule 58(a) Judgment on the first petition and several post-judgment motions remained pending, the Sixth Circuit denied the motion for leave to file a successive petition as premature, "without prejudice to refile when and if appropriate."

3

>who had been in the bar at the time. Blood and hair were found in his car. He did not deny being with the victim on the evening when she sustained her injuries. A rational trier of fact could, and did, find proof of guilt beyond a reasonable doubt. The claim of innocence, or insufficiency of the evidence to support the convictions, is without merit.

Doc. 17 at 9-10. In short, petitioner's claim of actual innocence is barred due to a failure to exhaust in the state courts - and at this point, the additional defect of procedural default. Even if it were examined, as it was briefly in the October 10, 2007 R&R, the claim fails on the merits. Neither the proposed amendment, additional time, nor appointment of counsel would change this result.

The motion for relief from judgment under Rule 60 is also denied.[2] Petitioner argues that under Rule 60(b), the court should consider his new and improved claims due to "inadvertence, excusable neglect and newly discovered evidence." Petitioner argues that the claims in his original petition were not adequately presented by the legal aide assisting him, and it was not until he was transferred to a new prison facility that he was able to obtain the assistance of a new (presumably more competent) inmate legal aide. Petitioner implores the court to consider his revised claims on this basis.

The same analysis obtains to petitioner's Rule 60(b) motion as to his combined "motion to amend/for additional time/and for appointment of counsel." Petitioner was not entitled to the appointment of counsel to formulate his original petition. His prior inmate legal aide's alleged failure to adequately detail or support his claims in the original petition does not support the amendment of this court's October 31, 2007 decision under Rule 60(b). Petitioner's Rule 60(b)

---

[2]The Sixth Circuit previously held that "[t]he thirty-day period for filing a notice of appeal from the district court's October 31, 2007 decision is tolled until the district judge rules on the pending Fed. R. Civ. P. 60(b) motion for relief."

motion is simply one more attempt to improve his original petition, attacking the underlying prior state court judgment and the merits of this court's prior rejection of his claims.  The motion attempts yet again to bolster petitioner's unavailing claim of innocence by arguing that the victim's husband was the more plausible assailant and cause of her serious injuries, and by attacking the sufficiency of the evidence.  Rule 60 relief is unavailable for the types of claims asserted, which should have been included in the original petition or at the very latest, in the objections to the October 10, 2007 R&R.  *See Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641 (2005)(holding that a motion for relief from judgment seeking to advance previously rejected substantive claims under §2254 is akin to a "second or successive petition").

No analysis is require for petitioner's remaining post-judgment motions, all of which will be denied as moot.

### III.  Conclusion and Order

For the reasons discussed herein,

**IT IS ORDERED as follows:**

1. The prior Judgment of this court, filed on October 31, 2007, is incorporated by this Memorandum Opinion and Order only to the extent it is deemed procedurally necessary to restate that petitioner's objections to the R&R of October 10, 2007 are overruled and his underlying petition for writ of habeas corpus is dismissed.  A separate Final Judgment will be filed herewith;

2. Petitioner's motion to amend, for an extension of time, and for the appointment of counsel [Doc. # 21] is **denied**;

3.  Petitioner's motion for relief under Rule 60 [Doc. #23] is **denied**;

4. Any and all remaining post-judgment motions [Doc. #24, #26, #29] are all likewise

**denied as moot**.

This the 11th day of December 2008.



Signed By:
William O. Bertelsman  WOB
United States District Judge